**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

MASHAWN MURDOCK, LORETTA CASEY, and SHENIKA CASEY,

Plaintiffs,

v.

Dolton Police Officers BRENT GRANNO, LOUIS MASUCCI, and RYAN PEREZ, Riverdale Police Officer LOPEZ, VILLAGE OF RIVERDALE, and VILLAGE OF DOLTON,

Defendants.

Case No. 24-cv-9072

***Jury demanded.***

**COMPLAINT AT LAW**

NOW COME Plaintiffs MASHAWN MURDOCK, LORETTA CASEY, and SHENIKA CASEY, by their attorney, LAW OFFICE OF JORDAN MARSH LLC, and complaining of the Defendants Dolton Police Officers BRENT GRANNO, LOUIS MASUCCI, and RYAN PEREZ, Riverdale Police Officer LOPEZ, VILLAGE OF RIVERDALE, and VILLAGE OF DOLTON, and state the following:

## JURISDICTION AND VENUE

1. This action arises under the Constitution of the United States, particularly the Eighth and Fourteenth Amendments to the Constitution of the United States, under the laws of the United States, particularly the Civil Rights Act, Title 42 of the United States Code, Sections 1983 and 1988, and under the laws of the State of Illinois.

2. The jurisdiction of this Court is invoked under the provisions of Title 28 of the United States Code, 1331 and 1343. Plaintiff also invokes the supplemental jurisdiction of this Court pursuant to Title 28 of the United States Code, Section 1367.

3. This Court has jurisdiction over this action pursuant to Title 28 of the United States Code §§ 1331 and 1367, as Plaintiff asserts claims under federal law and the state law claims arise out of the same facts as the Federal claims. Venue is proper under Title 28 of the United States Code, § 1391(b)(2), as the events complained of occurred within this district.

**PARTIES**

4. At all times relevant herein, Plaintiff MASHAWN MURDOCK ("Mashawn") was a resident of the County of Cook, State of Illinois.

5. At all times relevant herein, Plaintiff LORETTA CASEY ("Loretta") was a resident of the County of Cook, State of Illinois.

6. At all times relevant herein, Plaintiff SHENIKA CASEY ("Shenika") was a resident of the County of Cook, State of Illinois.

7. Defendants GRANNO, MASUCCI, and PEREZ are sued in their individual capacities and were at all times relevant, sworn police officers employed by Defendant VILLAGE OF DOLTON, and were acting within the scope of their agency, service and/or employment with the VILLAGE OF DOLTON, and were acting under color of the statutes, ordinances, regulations, customs, and usages of the State of Illinois.

8. Defendant LOPEZ is sued in his individual capacity and was at all times relevant, a sworn police officer employed by Defendant VILLAGE OF RIVERDALE, and was acting within the scope of his agency, service and/or employment with the VILLAGE OF RIVERDALE, and was

acting under color of the statutes, ordinances, regulations, customs, and usages of the State of Illinois.

9. Defendant VILLAGE OF RIVERDALE is a government entity operating within the State of Illinois. The VILLAGE OF RIVERDALE is responsible for the actions of its employees while acting within the scope of their employment. At all times relevant to this action, VILLAGE OF RIVERDALE was the employer of Defendant LOPEZ.

10. Defendant VILLAGE OF DOLTON is a government entity operating within the State of Illinois. The VILLAGE OF DOLTON is responsible for the actions of its employees while acting within the scope of their employment. At all times relevant to this action, VILLAGE OF DOLTON was the employer of Defendants GRANNO, MASUCCI and PEREZ.

## FACTUAL ALLEGATIONS

11. On or around May 22, 2023, Mashawn was parked outside the backyard of his house located at 201 E. 142nd Street, Dolton, IL 60419.

12. Loretta was the leaseholder of the house.

13. Mashawn was inside his car, a black Audi, when he saw a police vehicle pull up around the corner. Mashawn stayed inside the car.

14. Around five minutes later, Mashawn noticed another police vehicle approaching him and decided to exit his car and go inside his house.

15. Defendant Lopez started walking towards Mashawn with his hand on his gun holster.

16. Mashawn started walking backwards toward his house while trying to explain to the officers it was his house.

17. Defendants Granno and Lopez kept telling Mashawn to come outside while approaching him.

18. Mashawn ran toward his house.

19. Defendants Lopez and Granno chased Mashawn through the backyard to the back door of his house and started yelling and ordering him to open the door and come out of the house.

20. Defendant Granno walked back toward the vehicle and found a 9mm magazine on the concrete path.

21. No officer ever observed Mashawn in possession of the recovered magazine.

22. No officer observed Mashawn drop the recovered magazine.

23. No officer ever observed Mashawn in possession of a weapon.

24. Defendant Lopez kicked the door to Mashawn's house open, breaking it in the process.

25. Loretta (Mashawn's mother), Shenika (his sister), and Mashawn's nephews and niece were inside the house.

26. Defendants Granno and Lopez entered the house with their guns drawn, yelling at the occupants, "Where's he at?"

27. A group of officers arrived at the house.

28. Defendant Perez ordered Mashawn's car to be towed, saying, "Fuckin' hook it."

29. Loretta angrily protested the fact that officers forcibly entered her home without a warrant.

30. Defendant Masucci began threatening Loretta: "Now we're gonna sit on the house if you don't want to listen, we're going to kick down the door, how about that?", Masucci said to Loretta. "How about that? Then we'll get a warrant and we'll just knock your door. How bout that? I'm gonna go write one right now. Enjoy yourself! You're gonna stay here because now it's not you."

31. Masucci began to walk out of the back yard, telling the other officers, "She stays."

32. As he exited the yard, Masucci turned around and pointed at Loretta, yelling: "Hey. You guys try to leave, you're under arrest for obstructing! That's it!"

33. After a few minutes Mashawn exited the house and was placed under arrest and transported to the Dolton Police Department.

34. Mashawn was charged with Resisting arrest or obstructing a peace officer, Driving with a suspended license, and driving an uninsured vehicle.

35. Mashawn was never charged with possessing a weapon or a magazine.

36. Mashawn's vehicle was insured.

37. Mashawn cooperated with the officers, and after they read him his Miranda rights, he agreed to speak to Officer Perez.

38. Mashawn admitted he ran from the police but denied he had dropped a magazine.

39. Mashawn voluntarily provided a buccal swab to the police.

40. That same day, a search warrant was issued and executed on Mashawn's house to seize "[a]ny and all weapons, firearms, firearm accessories, ammunitions, and identification proving residency".

41. During the search, police recovered a Canik 9mm handgun, an American Tactical Rifle, several magazines with ammunition, an orange shirt, and mail directed to Mashawn.

42. Officer Perez swabbed the firearms recovered in the house for DNA.

43. On May 30, 2023, the Canik 9mm handgun was released to Shenika, as she was able to prove ownership and had a valid FOID card.

44. The Dolton Police Department was not able to connect the magazine they found to Mashawn in any way.

45. Defendants caused Mashawn's car to be impounded, depriving him of his property for a period of time.

46. Mashawn was forced to pay $2,000 or more for return of his car. As a result, he was not able to keep up on his car payments and it was repossessed.

47. On November 7, 2023, the charges against Mashawn were dismissed.

**COUNT I – FEDERAL CLAIM**
**FALSE ARREST**
**MASHAWN v. INDIVIDUAL DEFENDANTS**

48. Each paragraph of this Complaint is incorporated as if restated fully herein.

49. Defendants caused Mashawn to be arrested without probable cause to believe he had committed any crime or offense, in violation of the Fourth Amendment to the U.S. Constitution.

50. As a proximate result of Defendants' misconduct, Mashawn suffered loss of liberty, fear, mental anguish, humiliation and emotional pain and suffering.

**COUNT II – FEDERAL CLAIM**
**MALICIOUS PROSECUTION**
**MASHAWN v. INDIVIDUAL DEFENDANTS**

51. Each paragraph of this Complaint is incorporated as if restated fully herein.

52. Defendants initiated and continued criminal charges against Mashawn without probable cause and with malice, in violation of the Fourth Amendment to the U.S. Constitution.

53. Defendants accused Mashawn of criminal activity and exerted influence to initiate, continue, and perpetuate judicial proceedings against Mashawn without any probable cause, in violation of his rights secured by the Fourth and Fourteenth Amendments to the U.S. Constitution.

54. The criminal case against Mashawn terminated in a manner favorable to Mashawn and indicative of his innocence.

55. As a proximate result of Defendants' misconduct, Mashawn suffered loss of liberty, fear, mental anguish, humiliation and emotional pain and suffering.

**COUNT III – FEDERAL CLAIM**
**ILLEGAL SEARCH AND SEIZURE**
**ALL PLAINTIFFS v. INDIVIDUAL DEFENDANTS**

56. Each paragraph of this Complaint is incorporated as if restated fully herein.

57. One or more of the Individual Defendants – including, on information and belief, Defendants Granno and Lopez – confiscated or caused to be confiscated Shenika's gun, without probable cause to believe that her gun was evidence of a crime.

58. One or more Individual Defendants – including, on information and belief, Defendants Granno and Lopez – entered and searched Loretta's home without a warrant and without legal justification.

59. One or more Individual Defendants, on information and belief, seized property belonging to Loretta and Shenika, without probable cause to believe said property was evidence of criminal activity.

60. One or more defendants, including Defendant Perez, caused Mashawn's car to be towed, seized and impounded without legal justification.

61. As a result of Defendants' misconduct, Plaintiffs suffered loss of liberty, fear, mental anguish, humiliation and emotional pain and suffering, and property damage.

**COUNT IV – STATE CLAIM**
**MALICIOUS PROSECUTION**
**MASHAWN v. ALL DEFENDANTS**

62. Each paragraph of this Complaint is incorporated as if restated fully herein.

63. One or more Individual Defendants, as well as VILLAGE OF RIVERDALE and VILLAGE OF DOLTON, by and through its agents, the Individual Defendants, initiated and continued criminal charges against Mashawn without probable cause and with malice.

64. The criminal charges against Mashawn were dismissed in a manner favorable to Mashawn and indicative of his innocence.

65. As a proximate result of Defendants' misconduct, Mashawn suffered loss of liberty, fear, mental anguish, humiliation and emotional pain and suffering.

**COUNT V – FEDERAL CLAIM**
**UNLAWFUL DETENTION**
**ALL PLAINTIFFS v. INDIVIDUAL DEFENDANTS**

66. Each paragraph of this Complaint is incorporated as if restated fully herein.

67. One or more Individual Defendants detained Plaintiffs without probable cause, reasonable suspicion, or other legal justification.

68. As a proximate result of Defendants' misconduct, Plaintiffs suffered loss of liberty, fear, mental anguish, humiliation and emotional pain and suffering.

**COUNT VI – STATE CLAIM**
**INDEMNIFICATION**
**DEFENDANTS VILLAGE OF RIVERDALE and VILLAGE OF DOLTON**

69. Each paragraph of this Complaint is incorporated as if restated fully herein.

70. At all relevant times, VILLAGE OF DOLTON was the employer of Defendants GRANNO, MASUCCI, and PEREZ.

71. These Defendants committed the acts alleged above under color of law and in the scope of their employment as employees of the VILLAGE OF DOLTON.

72. At all relevant times, VILLAGE OF RIVERDALE was the employer of Defendant LOPEZ.

73. Defendant LOPEZ committed the acts alleged above under color of law and in the scope of their employment as employees of the VILLAGE OF RIVERDALE.

74. Illinois law provides that government entities are directed to pay any tort judgment for any damages for which employees are liable within the scope of their employment activities.

75. Should the Individual Defendants be found liable on one or more of the claims set forth above, Plaintiffs demand, pursuant to Illinois law, that their employers, Defendant VILLAGE OF RIVERDALE and VILLAGE OF DOLTON, be found liable for any judgment plaintiff obtains against the Individual Defendants, as well as attorney's fees and costs awarded, and for any additional relief this Court deems just and proper.

## PRAYER FOR RELIEF (ALL COUNTS)

For the foregoing reasons, the Plaintiffs MASHAWN MURDOCK, LORETTA CASEY, and SHENIKA CASEY, pray for judgment against Defendants in a fair and reasonable amount, including compensatory and punitive damages, attorney fees and costs, and for any additional relief this Court deems just and proper.

## JURY DEMAND

The Plaintiffs MASHAWN MURDOCK, LORETTA CASEY, and SHENIKA CASEY request a trial by jury.

**DATED:** September 27, 2024

Respectfully submitted,
MASHAWN MURDOCK, LORETTA CASEY,
AND SHENIKA CASEY,

/s/ Jordan Marsh
*Attorney for the Plaintiffs*

**LAW OFFICE OF JORDAN MARSH LLC**
5 Revere Drive Suite 200
Northbrook, IL 60062
(224) 220-9000
jordan@jmarshlaw.com